UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ZIMMERMAN; DONNA ZIMMERMAN, Plaintiffs - Appellants, v. ALLSTATE INSURANCE COMPANY, Defendant - Appellee. | No. 13-57091 D.C. No. 2:13-cv-00122-MMM-RZ Central District of California, Los Angeles ORDER |

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

The Appellants' Petition for Panel Rehearing is **DENIED**.

The Memorandum Disposition filed on February 11, 2016 is hereby amended as follows:

In paragraph 5, the phrase <the Burnett complaint alleges Michael knew of Yousef's plan, and> is replaced with <moreover, Michael admitted that he knew of Yousef's plan, so>.

No further petitions for rehearing or rehearing en banc will be entertained.

NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL ZIMMERMAN; DONNA
ZIMMERMAN,

        Plaintiffs - Appellants,

    v.

ALLSTATE INSURANCE COMPANY,

        Defendant - Appellee.

No. 13-57091

D.C. No. 2:13-cv-00122-MMM-RZ

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 5, 2016[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and HURWITZ, Circuit Judges.

Michael and Donna Zimmerman ("the Zimmermans") appeal a summary judgment entered in favor of Allstate Insurance Company ("Allstate") in this action concerning the insurer's duty to defend the Zimmermans in a tort action filed by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Donald and Joan Burnett ("the Burnetts"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The Burnetts' complaint alleged that the Zimmermans and three neighbors, Yousef, Gale, and Nafissa Maiwandi ("the Maiwandis"), "encroached and trespassed upon and then destroyed" a gate to the community in which all parties lived. Yousef Maiwandi allegedly damaged the gate, but told Michael Zimmerman of his plan in advance. The complaint alleged that Yousef acted as the Zimmermans' agent.

2. The Zimmermans were covered by an Allstate "Deluxe Plus Homeowners Policy" ("the Policy"), which required Allstate to "pay damages . . . arising from an occurrence to which this policy applies." The Policy defined an "occurrence" as "an accident . . . resulting in bodily injury or property damage." Allstate also owed a duty under the Policy to "provide a defense" if the Zimmermans were "sued for [covered] damages."

3. Allstate refused to defend the Burnett suit. "An insurer must defend its insured against claims that create a *potential* for indemnity under the policy." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005). Potential liability is evaluated by reference to the complaint and "extrinsic facts known to the insurer." *Id.* An insurer must also defend if, "under the facts alleged, reasonably inferable,

2

or otherwise known, the complaint could fairly be amended to state a covered liability." *Id.*

4. Thus, Allstate's duty to defend turns on whether the Zimmermans could potentially be liable under the Burnett complaint for damages resulting from an "accident." In the context of liability insurance, California law defines an "accident" as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083, 1086 (Cal. 2009) (quotation marks omitted).

5. The district court correctly found that the Burnett complaint does not seek to impose liability arising out of an "accident." Trespass is an intentional tort, *see Spinks v. Equity Residential Briarwood Apartments*, 90 Cal. Rptr. 3d 453, 484 (Ct. App. 2009), and "it is well settled that intentional . . . acts are deemed purposeful rather than accidental," *Chatton v. Nat'l Union Fire Ins. Co.*, 13 Cal. Rptr. 2d 318, 328 (Ct. App. 1992). The agency allegations do not create potential liability for an "accident;" moreover, Michael admitted that he knew of Yousef's plan, so the eventual injury was not "unexpected, unforeseen, or undesigned." *Delgado*, 211 P.3d at 1086.

6. Nor was a duty to defend triggered by the possibility that the Burnetts might amend their complaint to allege that the Zimmermans were negligent either by failing to warn their neighbors of Yousef's plan or in supervising their "agent."

3

"'Negligent' and 'accidental' are not synonymous." *Am. Int'l Bank v. Fid. & Deposit Co.*, 57 Cal. Rptr. 2d 567, 575 (Ct. App. 1996). Because Michael knew of Yousef's plan, the damage cannot have been "unexpected" or "unforeseen." *See Ticor Title Ins. Co. v. Emp'rs Ins. of Wausau*, 48 Cal. Rptr. 2d 368, 376 (Ct. App. 1995) (finding that a complaint based on failure to disclose known information "did not allege an occurrence giving rise to a duty to defend").

7. Absent a duty to defend, Allstate did not breach the implied covenant of good faith and fair dealing, *Waller v. Truck Ins. Exch.*, 900 P.2d 619, 639 (Cal. 1995), and cannot be assessed punitive damages, *Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985) (applying California law).

**AFFIRMED.**